UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DREW C. HARTLEY,

    Petitioner,

v.                                              Case No: 8:13-cv-1122-T-30MAP

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.
_____

**ORDER**

THIS CAUSE comes before the Court upon the Respondents' Motion to Dismiss Petition for Habeas Corpus (Dkt. #10), and Petitioner's Response (Dkt. #34) entitled Motion for Partial Summary Judgment. Upon review of the pleadings, the Court concludes that Respondents' motion should be granted.

Petitioner Hartley brings this § 2254 petition challenging a disciplinary action against him which resulted in a thirty day confinement and loss of sixty days gain time. Respondents moved to dismiss on two grounds:

    (1)    Hartley failed to exhaust his administrative remedies by failing to pursue to conclusion an administrative appeal of the disciplinary action, and

    (2)    Hartley failed to exhaust his claims in state court.

Hartley claims that his attempts to secure relief through administrative grievance proceedings were thwarted because the prison system kept moving him, thereby

preventing him from properly and timely filing his pleadings, and that he was barred from seeking relief in state court because he has been declared a vexatious litigant pursuant to Florida Statute 68.093. Hartley claims he is indigent and cannot hire a lawyer, and, without asserting specifics, claims "attempts to obtain pro bono counsel fail. No lawyer in Florida will represent an indigent prisoner with a prison disciplinary appeal." (Paragraph 11(e), Hartley's Amended Petition, Dkt. #6).

Respondents attached the state Circuit Court Order as Exhibit A to their motion to dismiss (Dkt. #10-1). Hartley is correct that he has been declared a "vexatious litigant," but he is incorrect that the Order completely prohibits him from appearing in state court. As required by Florida statute, the Order provides an avenue for Hartley to proceed in state court without a lawyer by first seeking permission from the chief judge of the Second Judicial Circuit of Florida. *See* State Order, Exhibit A to Respondents' Motion (Dkt. #10-1, p. 14) and Hartley's admission in his Memorandum (Dkt. #35). Hartley did not, and has not, sought that permission. Thus he has not exhausted his claims in state court.

It is unnecessary for this Court to determine whether Hartley was prevented by state officials from pursuing his administrative grievance proceeding because Hartley failed to exhaust his state Court remedies. Failure in either event prohibits this Court from accepting jurisdiction for the § 2254 petition.

It is therefore

ORDERED AND ADJUDGED that:

1. Respondents' Motion to Dismiss Petition for Habeas Corpus (Dkt. #10) is GRANTED.

    2.       Petitioner's Amended Petition (Dkt. #6) is DISMISSED.

    3.       The Clerk is directed to terminate any pending motions and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

It is further ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida, this 8th day of November, 2013.

                                    */s/ James S. Moody, Jr.*
                                    JAMES S. MOODY, JR.
                                    UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

F:\Docs\2013\13-cv-1122 mtd 10.docx